**VENABLE LLP**
Allyson B. Baker (*Pro Hac Vice*)
Katherine M. Wright (*Pro Hac Vice*)
575 7th Street, NW
Washington, DC 20004
Email: ABBaker@Venable.com
       KMWright@Venable.com
Telephone: 202.344.4000
Facsimile:  202.344.8300

Kimberly Culp Cloyd (SBN 238839)
Email: kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile:  415.653.3755

Witt Chang (SBN 281721)
Email: wchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile:  310.229.9901

Attorneys for Defendant Prime Marketing Holdings, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Prime Marketing Holdings, LLC, (d.b.a. Park View Credit, National Credit Advisors, and Credit Experts)<br><br>Defendant. | CASE NO.: 2:16-CV-07111-BRO (JEMx)<br><br>**PRIME MARKETING HOLDINGS, LLC'S MOTION FOR RECONSIDERATION**<br><br>**Date:** **January 9, 2017**<br>**Time:** **1:30 p.m.**<br>**Location:** **Courtroom 14**<br>**Officer:** **Hon. Beverly Reid O'Connell**<br><br>Action Filed:   September 22, 2016<br>Trial Date:     N/A |

# NOTICE OF MOTION

**TO THIS HONORABLE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on January 9, 2017 or as soon thereafter as counsel may be heard in Courtroom 7C of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Prime Marketing Holdings, LLC will and hereby does move this Court, pursuant to Local Rule 7-18, to reconsider in part the Court's Order Re Defendant's Motion to Dismiss, filed at Dkt. No. 32.

This motion is based on the instant notice, the accompanying Memorandum of Points and Authorities, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which occurred telephonically on November 16, 2016.

Dated: November 23, 2016            **VENABLE LLP**

                                    By:  /s/ Kimberly Culp Cloyd
                                         Kimberly Culp Cloyd
                                         Allyson B. Baker (*Pro Hac Vice*)
                                         Katherine M. Wright (*Pro Hac Vice*)
                                         Witt Chang

                                         *Attorneys for Defendant Prime Marketing Holdings, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Defendant Prime Marketing Holdings, LLC ("PMH") respectfully moves for reconsideration of one aspect of the Court's November 15, 2016 order, which in that respect is clearly erroneous.

In the Order, regarding Count 1, the Court concluded that "Plaintiff has sufficiently pleaded all three elements here and the terms of the promises that Plaintiff made are immaterial to its advance fee provision[1] claim." (Dkt. 32 at 20). However, on its face, the Advance Fee Provision requires the "seller" (as alleged here, PMH) to make a promised result. In other words, to state a claim for violation of the Advance Fee Provision, the Plaintiff must plead a promised result, something the Bureau has not done.

## STATEMENT OF FACTS

PMH does not repeat and incorporates herein the underlying briefing.

## ARGUMENT

### I. LEGAL STANDARD

Pursuant to Local Rule 7-18, "a motion for reconsideration of the decision of any motion" must be made on one of three grounds. This motion is made on the ground that the Court's order reflects "a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18(c). In other words, the Court's decision that the Advance Fee Provision does not require a plaintiff to plead a "promised result" is "clearly erroneous." *Cf. Chase v. Valenzuela*, No. CV 15-9558 BRO (FFM), 2016 WL 1714878, at * 1 (C.D. Cal. Mar. 11, 2016).

---

[1] All abbreviations herein are as defined in PMH's Motion to Dismiss (Dkt. 14) and Reply in Support thereof (Dkt. 29).

## II. THE ADVANCE FEE PROVISION

The Advance Fee Provision provides:

"**(a)** *Abusive conduct generally.* It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct:

**(1)** Threats, intimidation, or the use of profane or obscene language;

**(2)** Requesting or receiving payment of any fee or consideration for goods or services represented to remove derogatory information from, or improve, a person's credit history, credit record, or credit rating until:

**(i)** The time frame in which the seller has represented all of the goods or services will be provided to that person has expired; and

**(ii)** *The seller has provided the person with documentation in the form of a consumer report from a consumer reporting agency demonstrating that the promised results* have been achieved, such report having been issued more than six months <u>after the results</u> were achieved. Nothing in this Rule should be construed to affect the requirement in the Fair Credit Reporting Act, 15 U.S.C. 1681, that a consumer report may only be obtained for a specified permissible purpose." 16 C.F.R. § 310.4 (emphasis added).

A seller violates the Advance Fee Provision if the seller does not provide "documentation in the form of a consumer report from a reporting agency *demonstrating that the promised results have been achieved*." *Id.* (emphasis added). Not any report will do; it must be a report showing that the promised results were achieved. To know then, whether the report does or does not reflect that the promised results were achieved, the Advance Fee Provision requires an assessment of what the promised results were. Specifically, if there was never a promised result, then PMH could never (and would never need to) provide "documentation in the form of a consumer report from a reporting agency *demonstrating that the promised results have been achieved.*" *Id.* PMH cannot

2
PRIME MARKETING HOLDINGS, LLC'S MOTION FOR RECONSIDERATION

violate the Advance Fee Provision if it does not promise results because, on its face, the Advance Fee Provision applies only where promised results were made to the consumer. See Conn. Nat. Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what is says there.").

The Court concluded that whether or not PMH made a promised result was "immaterial" (Order at 20), but, respectfully, that conclusion is clearly erroneous. Without promised results, the Advance Fee Provision simply does not apply.

In addition, to the extent that that the Court held that pleading a promised result was a necessary element of Plaintiff's claim, this appears to conflate "results" with "services." Order at 20 ("before six months have passed and Defendant has provided the consumer with documentation of its services"). But results and services are not synonymous. A service implies an action of helping or doing work for someone;[2] (*i.e.* the process of serving another). Result, on the other hand, implies a completed act[3] (*i.e.* the effect of an action). So, promising a service, such as "I will perform tasks with the goal of removing incorrect negative items from your credit report," is different from promising a result, such as "I will remove this particular item from your credit report." PMH undeniably promises services to its customers, but it does not promise results, and Plaintiff has never alleged that PMH has promised a result.

Because the Bureau failed to plead that PMH promised any result, Count 1 should also be dismissed. Moreover, the Bureau should not be given leave to re-plead this Count, as the agency has had more than two years to ascertain what, promised result, if any, PMH makes to its clients and potential clients. And any

---

[2] *See, e.g.*, http://www.merriam-webster.com/dictionary/service.

[3] *See, e.g.*, http://www.merriam-webster.com/dictionary/result.

delay here would irreparably harm PMH for all of the reasons previously noted.

## CONCLUSION

For the foregoing reason, PMH respectfully requests that the Court reconsider the Order on PMH's Motion to Dismiss with respect to Plaintiff's First Count for Relief.

Dated: November 23, 2016      **VENABLE LLP**

By: /s/ Kimberly Culp Cloyd
Kimberly Culp Cloyd
Allyson B. Baker (*Pro Hac Vice*)
Katie M. Wright (*Pro Hac Vice*)
Witt Chang

*Attorneys for Defendant Prime Marketing Holdings, LLC*