**VENABLE LLP**
Allyson B. Baker (*Pro Hac Vice*)
Katherine M. Wright (*Pro Hac Vice*)
575 7th Street, NW
Washington, DC 20004
Email: ABBaker@Venable.com
KMWright@Venable.com
Telephone: 202.344.4000
Facsimile: 202.344.8300

Kimberly Culp Cloyd (SBN 238839)
Email: kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755

Witt Chang (SBN 281721)
Email: wchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

Attorneys for Defendant Prime Marketing Holdings, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Prime Marketing Holdings, LLC, (d.b.a. Park View Credit, National Credit Advisors, and Credit Experts)<br><br>Defendant. | CASE NO.: 2:16-CV-07111-BRO (JEMx)<br><br>**PRIME MARKETING HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**<br><br>**Date:** **January 23, 2017**<br>**Time:** **1:30 p.m.**<br>**Location:** **Courtroom 7C**<br>**Officer:** **Hon. Beverly Reid O'Connell**<br><br>Action Filed: September 22, 2016<br>Trial Date: N/A |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................... 1

ARGUMENT ....................................................... 1

I. THE MOTION IS RIPE ....................................................... 1

II. LOCAL RULE 7-18 AND THE COURT'S INHERENT AUTHORITY ALLOW RECONSIDERATION OF THE ORDER ........... 3

III. THE BUREAU DID NOT, AND STILL HAS NOT, ADEQUATELY PLED ITS ADVANCE FEE PROVISION CLAIM ........................ 4

A. The Bureau's New Interpretation Of The Advance Fee Provision Will Harm An Entire Lawful Industry And Is Still Not Well Plead ....................................................... 4

B. The Bureau's Interpretation Of "Promised Result" Is Rendered In A Vacuum, And Not Within The Context In Which It Exists ....... 6

C. The Bureau Conflates The Advance Fee Provision And Deception Doctrine ....................................................... 7

CONCLUSION ....................................................... 8

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*City of Los Angeles, Harbor Div, v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001) ........ 3, 4

*Consol. Edison Co. of N.Y. v. Pataki*, 292 F.3d 338 (2d Cir. 2002) ........ 6

*Cummings v. Missouri*, 71 U.S. (4 Wall.) 277 (1866) ........ 6

*Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231 (C.D. Cal. 2007) ........ 3

*F.T.C. v. Figgie Int'l., Inc.* 994 F.2d 595, 604 (9th Cir. 1993)

*McQuiston v. City of Los Angeles*, 564 Fed. App'x 303 (9th Cir. 2014) ........ 1, 2

*Shame On You Productions, Inc. v. Banks*, 120 F. Supp. 3d 1123, 1140-41 (C.D. Cal. 2015) ........ 1, 2

S.E.C. v. McCarthy, 322 F.3d 650 (9th Cir. 2003) ........ 4

*Wagner v. Choice Home Lending*, 266 F.R.D. 354 (D. Ariz. 2009) ........ 2

**Statutes**

Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ........ 6

**Other Authorities**

16 C.F.R. § 310.4(a)(2) ........ 4, 5

60 Fed. Reg. 43842-01, 43853 ........ 6

Fed. R. Civ. P. 1 ........ 2

Fed. R. Civ. P. 54 ........ 3

Local Rule 7-18 ........ 3

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

On November 15, 2016 this Court granted in part and denied in part Defendant Prime Marketing Holdings, LLC's ("PMH") Motion to Dismiss ("MTD") Plaintiff the Consumer Financial Protection Bureau's ("the Bureau") Complaint. The Court granted the MTD as to Counts 2-5 and denied the MTD as to Count 1 regarding the Bureau's Advanced Fee Provision claim. On November 23, prior to the Bureau filing its Amended Complaint, PMH moved for reconsideration ("Motion") of the Court's Order on the narrow issue of Count 1. (Dkt. 34). Five days later, the Bureau filed an Amended Complaint ("FAC"). (Dkt. 35).

The Bureau argues that PMH's Motion should be denied for three reasons: (1) the Motion is moot due to the filing of its FAC; (2) the Local Rules do not warrant reconsideration here; and (3) the Bureau adequately pled Count 1. All three arguments are without merit and fail to show that the Court's prior finding that the Bureau adequately pled "promised results," a required element of an Advance Fee Provision claim, should not be reconsidered.

## ARGUMENT

### I. THE MOTION IS RIPE

PMH's Motion for Reconsideration was not mooted by Plaintiff filing its FAC. Where factual allegations do not change in a material way from one complaint to the next, motions regarding an earlier complaint are not moot. *See, e.g.*, *Shame on you Productions, Inc. v. Banks*, 120 F. Supp. 3d 1123, 1140-41 (C.D. Cal. 2015) (citing cases); *McQuiston v. City of Los Angeles*, 564 Fed. App'x 303, 305-06 (9th Cir. 2014). In *Shame on You*, defendant filed a motion for judgment on the pleadings directed at the original complaint. 120 F. Supp. 3d at 1140. After that filing, the plaintiff filed an amended complaint. *Id.* The court found that because the substance of the portions of the complaints to which the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

basis for the motion for judgment on the pleadings was directed were substantively the same, the motion was not mooted by the subsequent filing of an amended complaint. *Id.* To hold otherwise would waste both the court's and party's resources. *Id.*; *see also* Fed. R. Civ. P. 1 (stating the rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). And, importantly, the plaintiff did not identify any prejudice it would suffer if the court construed the motion as being directed at the later complaint.[1] *Shame on You*, 120 F. Supp. 3d at 1140; *see also* McQuiston, 564 Fed. App'x at 304-05 (finding that when amended complaint did not change in material way it was frivolous to argue that motion directed at original complaint was moot). Finally, the *Shame on You* court found that the motion was not moot because plaintiff's opposition referenced allegations in the amended complaint and argued the merits of the motion. 120 F. Supp. 3d at 1141.

The analysis employed in *Shame on You* applies equally here. Plaintiff's allegations regarding PMH "charg[ing] unlawful advance fees" in the Complaint and the FAC are substantively identical. *Compare* Compl. (Dkt. 1) ¶¶ 25-40, *with* FAC (Dkt. 35) ¶¶ 48-63. Thus, the bases for the Bureau's Advance Fee Provision claim have not changed throughout its various iterations of the complaint. PMH's arguments regarding the Advance Fee Provision apply equally to both versions of the Bureau's complaint and are not mooted here. *See Shame on You*, 120 F. Supp. 3d at 1140. Additionally, nowhere has the Bureau identified any prejudice it would suffer if the Court applies the arguments regarding the Advance Fee Provision in the Motion for Reconsideration to the Amended Complaint. *See id.* The Bureau also spends six pages of its ten page opposition arguing the merits of

[1] The case the Bureau cites in its Opposition recognizes this very point. *See Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

the Motion in relation to the FAC. *See* Opp. at 4-10.

Because the Bureau's allegations regarding the Advance Fee Provision in both its original complaint and FAC are substantively identical, PMH's arguments regarding the Advance Fee Provision in the Motion for Reconsideration are not moot.

## II. LOCAL RULE 7-18 AND THE COURT'S INHERENT AUTHORITY ALLOW RECONSIDERATION OF THE ORDER

As explained in PMH's opening Motion, Local Rule 7-18 provides three grounds for a motion for reconsideration. Mot. at 1. The Bureau agrees that this is the correct local rule to apply, but argues that PMH did not bring its Motion under the rule. Opp. at 2-3. Despite the Bureau's contention, PMH brought its Motion for Reconsideration under the third prong or Local Rule 7-18 which allows such a motion if a Court order reflects "a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18(c). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007) (citation omitted). And, contrary to the Bureau's contention, PMH did not repeat argument from its original motion to dismiss. *See* Opp. at 3-4. Rather, PMH made a narrowly tailored argument based on the Court's Order. Because PMH's arguments were based on facts and reasoning articulated in the Court's Order, by definition they could not have been "made in support of . . . the original motion." *See* L.R. 7-18.

Moreover, in any event, the Court always has the authority to reconsider a prior order. *See* Fed. R. Civ. P. 54 ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *City of Los Angeles, Harbor Div,*

*v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Given the Bureau's new interpretation of the Advance Fee Provision articulated in its Opposition to this Motion, (*see* discussion *infra*), reconsideration of the Court's Order is especially justified here.

## III. THE BUREAU DID NOT, AND STILL HAS NOT, ADEQUATELY PLED ITS ADVANCE FEE PROVISION CLAIM

An essential element of any Advance Fee Provision claim under 16 C.F.R. § 310.4(a)(2) is that a credit repair telemarketer makes a "promised result." In its Opposition, the Bureau now concedes this point. But because the Bureau failed, and continues to fail, to allege that PMH promised results, the Court should reconsider its ruling on Count 1 of the Complaint and dismiss Count 1 of the FAC.

### A. The Bureau's New Interpretation Of The Advance Fee Provision Will Harm An Entire Lawful Industry And Is Still Not Well Plead

For the first time, the Bureau has explained in its Oppositions[2] its apparent interpretation of the definition of "promised result." But the Bureau's subsequent briefs cannot compensate for the glaring deficits in its Complaints; the Bureau never pleads that PMH has made "promised results." The Court should dismiss Count 1 for this reason alone, but also because the Bureau's arguments are unavailing.

First, in drafting the Advance Fee Provision, the FTC used "represented" twice in sections 310.4(a)(2) and 310.4(a)(2)(i) and later used "promised results" in 310.4(a)(2)(ii). It is well-established "that the use of different words or terms within" a statute or regulation demonstrates the promulgating body's intention "to convey a different meaning for those words." *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003). If the FTC meant "promised results" when it said

---

[2] Section III.A and B of the Bureau's Opposition to the Motion for Reconsideration is identical to Section IV.A and B of the Bureau's Opposition to the Motion to Dismiss the FAC. PMH's replies to these sections are also substantially identical.



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

"represented" it would have said so, and vice versa. It cannot be that "representations" are the same thing as "promised results" under the TSR.

Second, the Bureau's interpretation is untenable as not all "representations" (and sometimes not any) related to the items identified in section 310.4(a)(2) will give rise to results that could even be demonstrated on a consumer's individual credit report, as the Advance Fee Provision expressly contemplates. For example, the Bureau argues that PMH has violated the Advance Fee Provision by "represent[ing] that it has improved credit scores by more than 100 points on average," and that this "representation" constitutes a "promised result" within the meaning of the TSR. Opp. at 7-8. An average credit score increase across PMH's customer population could never be represented on an individual credit report. Similarly, testimonials and "descriptions of individual results" are not concrete or specific promises the results of which are shown on all consumers' credit reports. *Id*. at 8. The Bureau cannot compensate for its failure to plead that PMH has made "promised results" by re-purposing its allegations that PMH made certain "representations" in connection with the Bureau's deception case.

Additionally, according to the Bureau, any company that engages in telemarketing and merely represents that it provides credit repair services or calls itself a "credit repair company" is necessarily promising results and thus is subject to the Advance Fee Provision. Opp. at 6. The absurdity of this position is facially apparent. Just because a company offers credit repair services does not mean – *per se* – that it is promising to improve a person's credit score with specific results that will appear on a credit report. Analogously, a beautician is not making a *per se* promise to make his or her customers beautiful, just because the word "beauty" is used to classify that particular type of business

The Bureau's interpretation of the Advance Fee Provision also means that no credit repair company can obtain any income for six months after providing services; realistically closer to 8-12 months after services begin with a consumer.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Practically, this makes it entirely unlikely that fees will ever be collected as it requires PMH to track down consumers six months after services have been completed and attempt to recoup payment. At that time, customers could refuse to consent to having their credit report pulled, which would mean, under the Bureau's interpretation, that PMH would get paid nothing for any of its work. At the very least, it requires credit repair companies to float all fees (and go without any income) for close to a year. Quite clearly, no company could remain in business. In attempting to enforce the Advance Fee Provision, the Bureau exposes its true intentions: to put PMH, and by extension all credit repair companies, out of business. The Bureau's reading of the Advance Fee Provision results in what is essentially an unconstitutional bill of attainder, and the Bureau cannot seek to punish a specific individual or group (here, a lawful business line, expressly regulated and contemplated by the Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679 *et seq.*, and California law) merely because that lawful business exists. *Cf. Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 322, 332 (1866); *Consol. Edison Co. of N.Y. v. Pataki*, 292 F.3d 338, 345-55 (2d Cir. 2002).

### B. The Bureau's Interpretation of "Promised Result" Is Rendered In A Vacuum, And Not Within The Context In Which It Exists

The Advance Fee Provision allows a consumer to withhold payment until six months after a promise has been fulfilled.[3] The Bureau attempts to compensate for its failure to plead "promised result" by mislabeling PMH's previously-offered money-back guarantee as an example of a "promised result." A PMH consumer got money back if the desired outcome was not achieved under the money-back guarantee. Applying the Bureau's logic would mean that there would be no money-back component of the guarantee because PMH could not collect any fees before completion of the services. But the guarantee without the money-back component

[3] This furthered the purpose of the Advance Fee Provision of limiting the operations of fraudulent scammers who only secured temporary, but not permanent, removal of negative information. 60 Fed. Reg. 43842-01, 43853 (Aug. 23, 2995) (codified at 16 C.F.R. pt. 310).

would not be a money-back guarantee, which is the only thing that PMH ever offered. The money-back guarantee is the inverse of a "promised result," as contemplated by the Advance Fee Provision which allows for the collection of fees only after a promised result is achieved. The money-back guarantee returned money if an outcome was not achieved. Moreover, the Bureau has never pled that PMH made a "promised result," by virtue of its previously-offered money-back guarantee.

### C. **The Bureau Conflates The Advance Fee Provision And Deception Doctrine**

The Bureau accounts for its pleading failure by identifying – in post-hoc fashion – its allegations about PMH's implicit and explicit claims, which do not even result in the Bureau adequately pleading deception, let alone violations of the Advance Fee Provision. To this end, the Bureau cites a number of inapposite cases. For example, in *F.T.C. v. Figgie Int'l., Inc.*, the Court rejected defendant's argument that it could not be held liable for implied representations; this, of course, has nothing to do with what constitutes a "promised result." 994 F.2d 595, 604 (9th Cir. 1993). The rest of the Bureau's cases rely on a "net impression" theory which also concerns deception doctrine and, at that, the Bureau did not plead this theory in its FAC and, thus, cannot rely on it here. Furthermore, if the Bureau wants to import deception doctrine into its pleading of Count I, then that Count also must be pled under Rule 9(b), and it is clearly not pled to that standard.

At its core, the Bureau's Advance Fee Provision claim, and its eleventh-hour interpretation of the phrase "promised result," is really an effort to put a lawful industry out of business. The Bureau's transparent attempt to do so through flimsy allegations aimed at a small business in the credit repair space is unavailing. The Bureau has failed to identify the "promised results" that PMH allegedly made and fails to state a claim under Count 1.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

**CONCLUSION**

PMH respectfully requests that the Court reconsider the Order on PMH's Motion to Dismiss with respect to Plaintiff's first Count for Relief, find that the Bureau did not adequately plead the Advance Fee Provision claim in the Complaint, and find that the Bureau continues to inadequately plead the Advance Fee Provision claim in the FAC.

Dated: January 9, 2017

**VENABLE LLP**

By: /s/ Kimberly Culp Cloyd
Kimberly Culp Cloyd
Allyson B. Baker (*Pro Hac Vice*)
Katie M. Wright (*Pro Hac Vice*)
Witt Chang

*Attorneys for Defendant Prime Marketing Holdings, LLC*